UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WILLIAM FOOS,

                Plaintiff,                10-CV-6221

      v.                              **DECISION**
                                                 **and ORDER**

MONROE-2 ORLEANS BOCES,

                Defendants.
_____

    Plaintiff, William Foos ("Plaintiff"), brings this action pursuant to the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq*. ("ADEA") and the New York State Human Rights Law, N.Y. Executive Law §§ 290, *et seq*. ("NYSHRL"), alleging that Monroe-2 Orleans BOCES ("Defendant") declined to hire him because of his age. See Compl., Docket #1. Defendant moves to dismiss Plaintiff's claims under the NYSHRL, contending that Plaintiff failed to provide Defendant with the requisite notice of claim under New York Education Law § 3813(1), and that Plaintiff seeks damages which are not available under New York state law. See Def. Mem. of Law at 2, 5-9. In her responding papers, Plaintiff abandons his claim under the NYSHRL. See Pl. Mem. of Law at 1, 6. Accordingly, this Court need not reach the merits of Defendant's arguments, and Plaintiff's claim under the NYSHRL is dismissed with prejudice.

    Defendant also moves to dismiss Plaintiff's claims for compensatory damages and attorney's fees and for an order limiting Plaintiff's recovery to nominal damages. See Def. Mem. of Law at 2.

For the reasons set forth below, Defendant's motion is granted in part and denied in part.  To the extent Plaintiff seeks relief for emotional pain and suffering and punitive damages, his claims are dismissed. But Plaintiff's claims for compensatory damages in the form of pain and suffering, lost employment benefits and job opportunities remain.

Plaintiff alleged in the Complaint that he suffered mental and emotional distress and loss of earnings and other employment benefits and job opportunities. See Compl. ¶44.  Plaintiff later sent a disclosure pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure ("Rule 26 disclosure"), which stated that he sought general and compensatory damages for "severe mental and emotional anguish, pain and suffering" and "loss of earnings and other employment benefits and job opportunities." See Affirmation of Christina A. Agola, Esq. ("Agola Aff."), Exhibit A (Docket #18). The Rule 26 disclosure also stated that Plaintiff sought punitive and exemplary damages and attorney's fees. Id.

Later, Defendant requested a more specific statement of damages and that Plaintiff withdraw his claims for mental and emotional pain and suffering and punitive and exemplary damages. See Reply Declaration of Donall O'Carroll at ¶12 (Docket #20). In response, Plaintiff sent a document entitled "Supplemental Initial Disclosure," in which he stated, "Plaintiff has not incurred lost wages" and that he sought compensatory damages in the amount of

$300,000 and attorney's fees. See Agola Aff., Exhibit B. In the supplemental document Plaintiff did not state what "compensatory damages" he seeks, as he had in the Complaint and in the first disclosure document, rather he simply states that he is seeking compensation, but such compensation does not include lost wages[1].

Defendant argues that several of the categories of damages Plaintiff seeks are not available under the ADEA and that Plaintiff, by failing to specifically state in his supplemental disclosure that he continued to seek compensation for pain and suffering, lost employment benefits and job opportunities, has abandoned any claim he had for compensable damages under the ADEA, and is therefore entitled to only nominal damages. See Def. Mem of Law at 10-14. Defendant also argues that attorney's fees are not typically awarded in cases where recovery is limited to nominal damages. Id. Plaintiff contends that he did not abandon his claims for pain and suffering, lost benefits and lost job opportunities in the supplemental disclosure, as the disclosure was only meant to clarify that he did not seek lost wages and to specify the amount of compensatory damages he seeks. See Pl. Mem of Law at 7-8. Plaintiff does not contest Defendant's argument that damages for

---

[1] Plaintiff's supplemental disclosure also states that he does not seek "out of pocket medical expenses to date." But it does not appear from the Complaint that Plaintiff's medical expenses are relevant to his claims, and it is likely that the statement is simply an error in the document.

emotional pain and suffering and punitive damages are not available under the ADEA.

"Compensatory damages cover out-of-pocket losses and economic injury, and remedy the pain and suffering experienced by the plaintiff." Gilbert v. Hotline Delivery, 2001 WL 799576, *3 (S.D.N.Y. 2001)(citing Memphis Community School Dist. v. Stachura, 477 U.S. 299, 306-07 (1986)).  However, as Defendant correctly points out, under the ADEA neither punitive and exemplary damages, nor compensation for emotional pain and suffering are recoverable. See Townsend v. Exchange Ins. Co., 196 F. Supp.2d 300, 306 (W.D.N.Y. 2002)(citing Johnson v. Al Tech Specialties Steel Corp., 731 F.2d 143, 148 (2d Cir. 1984)).  Therefore, to the extent that Plaintiff seeks punitive damages or to recover for emotional pain and suffering, his claims are dismissed.  But this Court does not find that Plaintiff abandoned his claim for other compensatory damages through the supplemental disclosure - other than for lost wages, which he specifically disavows in his moving papers before the Court.  Further, at this stage in the litigation, it is unclear what damages, if any, Plaintiff suffered.  Therefore, Defendant's motion to dismiss Plaintiff's claims for pain and suffering, lost employment benefits and lost job opportunities is denied. Defendant's motion to dismiss Plaintiff's claim for attorney's fees is also denied, as it is unclear at this stage whether Plaintiff's recovery should be limited to nominal damages.

**ALL OF THE ABOVE IS SO ORDERED.**

   s/ Michael A. Telesca   
MICHAEL A. TELESCA
United States District Judge

Dated:    Rochester, New York
          June 29, 2011