```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WILLIAM FOOS,

                      Plaintiff,         10-CV-6221

         v.                              DECISION
                                         and ORDER
MONROE-2 ORLEANS BOCES,

                      Defendants.
_____
```

## INTRODUCTION

Plaintiff, William Foos ("Plaintiff"), brings this action pursuant to the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.* ("ADEA")[1] alleging that Monroe-2 Orleans BOCES ("Defendant" or "BOCES 2") unlawfully discriminated against him because of his age when he applied for the precision machining teacher position at BOCES 2. Plaintiff claims that individuals who were less qualified than he were chosen for interviews and that he was not chosen for an interview because of his age.

Defendant moves for summary judgment contending that Plaintiff has not presented sufficient evidence of discrimination such that a reasonable jury could find in his favor. Defendant also contends that even if Plaintiff has presented sufficient evidence of discrimination, he is only entitled to nominal damages, and his claims for compensatory relief and attorney's fees should be

---

[1] Plaintiff also initially brought a claim under New York State law, but that claim was dismissed by this Court in a Decision and Order dated June 29, 2011. (Docket No. 22.)

1

dismissed.

For the reasons discussed herein, Defendant's motion is granted in part and denied in part. Defendant's motion for summary judgment on the issue of liability is denied. However, the Court finds that Plaintiff is limited to the recovery of nominal damages and therefore, is not entitled to recover attorney's fees for the reasons stated herein.

## BACKGROUND

The following facts are taken from the parties' submissions pursuant to Local Rule 56(a) and the exhibits attached thereto and are not in dispute unless otherwise noted. (Docket Nos. 27, 33.) In 2009, BOCES 2 posted an opening for the position of precision machining teacher within the Career and Technical Center. At the time, Plaintiff was employed as a precision manufacturing teacher at Monroe #1 BOCES ("BOCES 1"), and he applied for the position at BOCES 2. Plaintiff was qualified for the position.

Executive Principal of the Career and Technical Center at BOCES 2, Joseph Salemi ("Salemi"), reviewed the applications and selected applicants for interviews. Salemi selected six individuals to interview, two of whom were later selected for second round interviews. Plaintiff was not selected for an interview.

Plaintiff contends that he was not selected for an interview because of his age (58), and that other, younger, less qualified candidates were chosen for interviews. Defendants respond that

while Plaintiff was qualified for the position, all other candidates were equally or more qualified. Plaintiff disputes this fact. Salemi testified that Plaintiff was not chosen for an interview based on the contents of his application. He stated that Plaintiff's application indicated an interest in the position based on its location, rather than his interest in growing the program. Salemi also stated that he believed the program at BOCES 1, where Plaintiff was employed, was struggling, in part because Plaintiff did not have the necessary drive to grow the program at BOCES 1. He formed this belief through informal conversations with the director of BOCES 1. However, Salemi also admitted that he had a conversation with the director at BOCES 1 in which he stated that Plaintiff was not selected for an interview because he was a "short timer" - someone seeking a position only to fulfill his retirement obligations. Salemi testified that he only made this statement because he did not want to discuss Plaintiff's performance issues directly with his colleague.

## DISCUSSION

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, a court shall grant a motion for summary judgment if the moving party demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." See Fed.R.Civ.P. 56(a). Once the movant has met this burden, the burden shifts to the nonmovant who must "come forward with

evidence to allow a reasonable jury to find in his favor" on each of the elements of his prima facie case. See <u>Lizardo v. Denny's, Inc.</u>, 270 F.3d 94, 101 (2d Cir.2001); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325-27 (1986). The court must draw all factual inferences, and view the factual assertions in materials such as affidavits, exhibits, and depositions in the light most favorable to the nonmoving party. See <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986); <u>Celotex Corp.</u>, 477 U.S. at 322.

Plaintiff's ADEA discrimination claim is analyzed under the <u>McDonnell Douglas</u> burden-shifting framework. See <u>Abdu-Brisson v. Delta Air Lines, Inc.</u>, 239 F.3d 456 (2d Cir. 2001); <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802 (1973). Under this framework, Plaintiff must first establish a prima facie case of age discrimination by showing "(1)he is a member of the protected class; (2) he is qualified for his position; (3) he has suffered an adverse employment action; and (4) the circumstances surrounding that action give rise to an inference of age discrimination." <u>Abdu-Brisson</u>, 239 F.3d at 466-467. Once a plaintiff has established a prima facie case of discrimination, the defendant must articulate a legitimate, nondiscriminatory rationale for its actions. <u>Id</u>. The burden then shifts to the plaintiff to demonstrate that the employer's stated rationale is merely a pretext for discrimination and that age discrimination is the true reason for the defendant's actions. See <u>McDonnell-Douglas Corp.</u>, 411 U.S. at 802; <u>see also</u>

Abdu-Brisson, 239 F.3d at 466-467.

A. Material Issues of Fact Preclude Summary Judgment

Here, the parties dispute whether Plaintiff has met his burden of coming forth with evidence that the circumstances surrounding Defendant's failure to select him for an interview give rise to an inference of discrimination and that the Defendant's stated rationale is merely a pretext for discrimination. The Court finds that Plaintiff has met his burden and that a reasonable jury could conclude that Salemi failed to select Plaintiff for an interview because of his age.

Salemi made a comment to the director of BOCES 1 that Plaintiff was not chosen because he was a "short timer" - someone who would stay with the program only until he fulfilled retirement requirements. Salemi Dep. at pg. 50-51. This statement could be construed by a reasonable jury as evidence that Plaintiff's age at the time he applied, 58, played an integral role in his inability to secure an interview because he was close to retirement age. Accordingly, because the Court finds that material issues of fact remain with respect to whether Plaintiff was not chosen for an interview because of his age, Defendant's motion for summary judgment is denied with respect to liability.

B. Damages

In a Decision and Order dated June 29, 2011 ("June 2011 Order") this Court granted in part and denied in part Defendant's

motion for judgment on the pleadings. (Docket No. 22.) The Court permitted Plaintiff to proceed with his claims for pain and suffering, lost employment benefits and lost job opportunities. However, in the June 2011 Order, the Court specifically found that Plaintiff had abandoned his claim for "lost wages." Plaintiff stated in his memorandum of law opposing Defendant's motion to dismiss his claim for compensatory damages that he "has not incurred lost wages or out of pocket medical expenses." (Docket No. 18.) Plaintiff cited a supplemental initial disclosure provided to the Defendant which outlined his claim for damages and also specifically disavowed a claim for lost wages. Instead, he alleged "pain and suffering, loss of employment benefits and loss of job opportunities." Based on these assertions, the Court found that Plaintiff had abandoned his claim for lost wages and dismissed the claim.

Plaintiff now seeks to reassert a claim for lost wages to avoid summary judgement on this issue, however, Plaintiff has not sought leave of court to amend the complaint to reassert the claim. See Dilworth v. Goldberg, – F.Supp.2d –, 2012 WL 4017789, *34 (S.D.N.Y. 2012). Further, the reassertion of such a claim at this stage in the litigation, after having affirmatively abandoned the claim in more than one filing with the Court, and without any explanation as to why the claim was initially abandoned, would cause undue delay. See Sahra v. Town of South old, 48 F.3d 674 (2d

Cir. 1995)("Undue delay and futility of the amendment, among other factors, are reasons to deny leave [to amend]."). Accordingly, the Court will not permit Plaintiff to reassert his claim for lost wages at this stage.

Plaintiff has not responded to Defendant's argument that his claims for pain and suffering and loss of employment benefits should also be dismissed, and he does not dispute that he did not experience any pain and suffering or a loss of employment benefits. Accordingly, Plaintiff's claims for pain and suffering and loss of employment benefits are also dismissed.

Plaintiff's remaining claim for compensatory damages is that his current position was reduced to part-time for the 2011-2012 school year. However, at the time of the alleged discrimination, in 2009, Plaintiff's position was full-time and remained full-time until the 2011-2012 school year. There is no evidence in the record that this subsequent reduction in hours was causally related to the Defendant's failure to interview or hire the Plaintiff for the precision machining teacher position at BOCES 2. Further, Plaintiff has not presented evidence or articulated what damages he may have suffered due to this reduction in hours. Having abandoned his claim for lost wages, pain and suffering and lost employment benefits, the Court finds that Plaintiff has not presented any evidence of damages in relation to the subsequent reduction of his position to part-time.

Accordingly, the Court finds that Plaintiff has not presented sufficient evidence that he suffered any damages and his claim for compensatory damages is dismissed. Should Plaintiff ultimately prevail on liability, his recovery will be limited to nominal damages.

C.   Attorney's Fees

Defendant contends that if Plaintiff's recovery is limited to nominal damages, his request for attorney's fees should also be denied. Plaintiff has not responded to this argument.

In civil rights litigation, "an award of fees to a plaintiff recovering nominal damages will be rare, appropriate only when a plaintiff's success relies on a new rule of liability that serves a significant public purpose." McGrath v. Toy "R" Us, Inc., 409 F.3d 513, 518 (2d Cir. 2005)(internal quotations omitted). "[T]he vast majority of civil rights litigation does not result in ground-breaking conclusions of law, and will warrant fee awards only if a plaintiff recovers some significant measure of damages or other meaningful relief." Id. Plaintiff has not articulated how this case could fall within this standard and the Court finds that this case does not present an issue that is rare or novel and it does not fall within the category of cases where an award of fees is appropriate. Accordingly, Plaintiff is not entitled to recover attorney's fees.

## **CONCLUSION**

For the reasons discussed herein, Defendant's motion for summary judgment on the issue of liability is denied. Defendant's motion for summary judgment on the issue of damages is granted, and the Court dismisses Plaintiff's claim for compensatory relief. Further, because the Court finds that Plaintiff may recover only nominal damages, Plaintiff's request for attorney's fees is denied.

**ALL OF THE ABOVE IS SO ORDERED.**

    S/ MICHAEL A. TELESCA
HON. MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         January 15, 2013