UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WILLIAM FOOS,

                Plaintiff,

v.

MONROE-2 ORLEANS BOCES,

                Defendant.
_____

Case # 10-CV-6221-FPG

DECISION AND ORDER

## INTRODUCTION

This age discrimination in employment case was commenced by the Plaintiff, William Foos, on April 20, 2010, against Monroe-2 Orleans BOCES ("BOCES"). Dkt. #1. After discovery was completed, Defendant moved for summary judgment before United States District Judge Michael A. Telesca. Dkt. #27.

In his January 16, 2013 summary judgment decision, Judge Telesca dismissed some of Plaintiff's claims, and determined that on the remaining claims, Plaintiff's recovery was limited to nominal damages. Dkt. #36. Since Plaintiff's recovery was limited to nominal damages and because this case did not involve a new rule of liability that serves a significant public purpose, Judge Telesca further determined that Plaintiff could not recover attorney fees under the standard set by the Second Circuit in *McGrath v. Toys R Us, Inc.*, 409 F.3d 513, 518 (2d Cir. 2005).

Currently before the Court is Defendant's Motion to Compel Acceptance of Rule 68 Offer of Judgment and to Dismiss for Lack of Subject Matter Jurisdiction. Dkt. #44.

Regarding that motion, Defendant made an Offer of Judgment under Fed. R. Civ. P. 68 to Plaintiff on July 1, 2013. Dkt. #44, Exh. AA. That offer provided for judgment to be entered in

the amount of $5.00, plus all taxable costs incurred by Plaintiff to date. However, Plaintiff did not accept the offer, and Defendant filed the instant application.

Plaintiff filed his response to the application on August 19, 2013. Dkt. #45[1]. Instead of addressing the issues raised in Defendant's motion, Plaintiff's response largely re-argues matters that Judge Telesca previously decided. Having reviewed all the submissions to date in this matter, the Court finds oral argument on the motion unnecessary, and will decide the matter on the papers submitted, including the untimely response memorandum submitted by Plaintiff.

## DISCUSSION

"Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986), citing *Marbury v. Madison*, 1 Cranch (5 U.S.) 137, 173-180 (1803). Article III of the Constitution limits the jurisdiction of federal courts to resolving live cases or controversies between parties. *Genesis Healthcare Corp. v. Symczyk*, 133 S.Ct. 1523, 1528 (2013) (quoting *Valley Forge Christian*

---

[1] Plaintiff's response was due on Friday, August 16, 2013. Late that day, Plaintiff's then-counsel, Christina Agola, faxed a letter request to the Court seeking a one week extension of time to file the response. That letter (attached as Exhibit A to Docket #46) stated that Ms. Agola "ha[d] tried to contact opposing counsel, Donall O'Carroll, Esq., and ha[s] been unsuccessful." Shortly after that letter was faxed, Mr. O'Carroll faxed a letter (attached as Exhibit B to Docket #46) to the Court strongly disputing Ms. Agola's contentions, stating that he "ha[s] been in the office since 7:15 this morning and have not left the office at any time. I have not received a letter, fax, email or telephone call from Ms. Agola or anyone at her office. I just checked with our receptionist and my assistant who both advise that they have not received any communication from Ms. Agola's office today. I would be very interested to find out who attempted to contact me, when and how." Ms. Agola never responded to that inquiry, nor did she address the contents of the letter in any fashion. Instead, Ms. Agola filed her client's response the next business day, Monday, August 19, 2013. Dkt. #45. After Mr. O'Carroll filed his reply three days later, the Court scheduled oral argument on the motion for September 12, 2013, in part to address this discrepancy. However, Ms. Agola was suspended from the practice of law in New York State by the Appellate Division, Fourth Department of the New York State Supreme Court on September 10, 2013. Ms. Agola was then reciprocally suspended by the United States District Court for the Western District of New York, and both suspensions remain in place today.

*College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982)). "The inability of the federal judiciary to 'review moot cases' derives from the requirement of Article III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy." *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974) (citing *Liner v. Jafco, Inc.*, 375 U.S. 301, 306 n. 3 (1964)). Mootness has two aspects: "when the issues presented are no longer 'live' or the parties lack a legally recognizable interest in the outcome." *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

As the Second Circuit recently stated, an offer for a plaintiff's maximum recovery will render an action moot. *Doyle v. Midland Credit Mgmt., Inc.*, 722 F.3d 78, 81 (2d Cir. 2013).

In *Doyle*, the defendants made an offer of judgment under Fed. R. Civ. P. 68 to plaintiff in the maximum amount he could recover in that action, plus accrued costs and attorney fees. When plaintiff did not accept the offer, the district court dismissed the action for lack of subject matter jurisdiction, finding that there was no live controversy for the court to adjudicate.

The Second Circuit affirmed the district court's dismissal, holding that plaintiff's "refusal to settle the case in return for [the maximum he could recover]...was sufficient grounds to dismiss the case for lack of subject matter jurisdiction." *Doyle*, 722 F.3d at 81.

Because federal courts are courts of limited jurisdiction, once a case is moot, "federal courts lack subject matter jurisdiction over the action." *Ford v. D.C. 37 Union Local 1549*, 579 F.3d 187, 188 (2d Cir. 2009). As the Second Circuit stated in *Doyle*, "if a defendant consents to judgment in the maximum amount for which the defendant could be held liable, there is no justification for taking the time of the court and the defendant in the pursuit of claims which the defendant has more than satisfied." *Doyle*, 722 F.3d at 80 (internal citation omitted).

3

The decisive question is whether Defendant has offered Plaintiff the "maximum recovery available" in this case. *Ward v. Bank of N.Y.*, 455 F. Supp. 2d 262, 267 (S.D.N.Y. 2006) (Chin, J.). Only an offer of the maximum recovery possible would deprive Plaintiff of a personal stake in the outcome. If he can plausibly argue that he might be able to obtain a greater recovery at trial, then there remains a live controversy between him and Defendant. *See McCauley v. Trans Union, L.L.C.*, 402 F.3d 340, 341 (2d Cir. 2005) (offer included "the only possible damages [plaintiff] may still recover."); *cf. Ward v. Bank of New York*, 455 F. Supp. 2d 262, 267 (S.D.N.Y. 2006) ("Courts have, however, denied a defendant's motion to dismiss on mootness grounds where the plaintiff potentially could recover more than the relief offered by defendant, such as where the offer is not comprehensive, or where the amount due to plaintiff is disputed.").

While Plaintiff may disagree with Judge Telesca's prior decision in this case, based upon that ruling, there is no dispute that any recovery Plaintiff could obtain at trial is limited to nominal damages, plus accrued costs. As a result, this Court easily concludes that Defendants' offer of Judgment in the amount of $5.00 plus any accrued costs constitutes, if not exceeds, the maximum Plaintiff could recover in this action.

Because Defendant's offer to fully satisfy the claims that remain in this action deprive Plaintiff of a personal stake in the outcome of those claims, this action has become moot. *See Genesis*, 133 S.Ct. at 1528. As a result, this Court is without jurisdiction to hear the case, and the matter must be dismissed.

## CONCLUSION

Because Defendant has offered the Plaintiff more than he could recover if this action were to proceed to trial, there is no live case or controversy for this Court to adjudicate, and the matter is therefore moot. As a result, the case is dismissed under Federal Rule of Civil

Procedure 12(b)(1) for lack of subject matter jurisdiction, and the Clerk is directed to enter judgment in favor of Defendant.

IT IS SO ORDERED.

DATED:     January 13, 2014
           Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge